# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CAROL YVONNE CUNNINGHAM,

      Plaintiff,

                                        Case No. 1:24-cv-584

  v.

                                        JUDGE DOUGLAS R. COLE

MOLINA MY CARE OHIO, et al.,        Magistrate Judge Bowman

      Defendants.

## ORDER

In her Report and Recommendation (R&R) (Doc. 6), Magistrate Judge Bowman advises the Court to dismiss with prejudice Carol Yvonne Cunningham's Complaint (Doc. 5) for failure to state a claim. For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 6) and **DISMISSES** Cunningham's Complaint (Doc. 5) **WITH PREJUDICE**.

Cunningham, proceeding pro se, was once enrolled in a Molina My Care Ohio (Molina) health plan. (Doc. 5, #40, 42). But she cancelled that enrollment in 2021 and instead enrolled in an Anthem Blue Cross Blue Shield plan. (*Id.* at #42). During a recent hospital visit on June 13, 2024, however, a hospital intake employee "informed [Cunningham] of computer data of My Care Ohio – Molina" despite her no longer participating in that plan. (*Id.* at #40).

That prompted Cunningham to investigate. When she returned home from the hospital, she tore into some unopened mail she "had set aside" and found form letters from Molina stating, "We miss you!" and "You could be missing out on savings!" (*Id.*

at #42, 58–59). She also discovered other letters—portions of which she attached to her Complaint—that appear to come from three Molina case managers and that request Cunningham's participation in a "health survey." (*Id.* at #47, 49–50, 54–55).[1]

Disturbed by what she uncovered, Cunningham sued Molina and those three Molina case managers, Brian Cason, Heather,[2] and Angela Bienemann (collectively Defendants) under 42 U.S.C. § 1983. (*Id.* at #38, 61). She alleges identity theft and fraud based on the hospital's computer information and the letters she received. (*Id.* at #42). For relief, Cunningham requests both an investigation of Molina and a monetary award of two hundred thousand dollars for the stress she's apparently endured. (*Id.* at #43).

Cunningham sought leave to proceed in forma pauperis on October 15, 2024. (Doc. 1). Magistrate Judge Bowman granted that motion on October 29, 2024. (Doc. 4). That same day she entered the R&R currently before the Court. In the R&R, Magistrate Judge Bowman sua sponte reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B), and recommended that the Court dismiss it with prejudice for failure to state a claim on which relief may be granted. (Doc. 6, #67).

The R&R included a notice informing the parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights, including the right to de novo review by this Court. *(Id.* at #68); *see Thomas v. Arn*, 474 U.S.

---

[1] Also attached to Cunningham's Complaint is a photo of a FedEx receipt that lists President Joe Biden as the recipient of some unknown package. (Doc. 5, #57). Cunningham claims that it somehow demonstrates fraud and identity theft. (*Id.* at #40). The Court, however, is at a loss as to how the receipt in any way relates to Molina or the three case managers.

[2] Cunningham apparently doesn't know Heather's last name—she lists this defendant as "Heather (first name only) Case Manager" in the Complaint. (Doc. 5, #38).

2

140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[F]ail[ure] to file an objection to the magistrate judge's R & R ... [constitutes a] forfeiture." (emphasis omitted)). No party objected to the R&R.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

The statute on which the Magistrate Judge relied, 28 U.S.C. § 1915(e)(2)(B) requires a court, at any time, to dismiss a case that it determines (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." In making those assessments, the court analyzes a pro se complaint less stringently than one drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the complaint still "must contain either direct or inferential allegations respecting all the material elements to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (cleaned up).

As noted, Cunningham asserts a 42 U.S.C. § 1983 claim. (Doc. 5, #61). For that claim to survive review under 28 U.S.C. § 1915(e)(2)(B), Cunningham must plausibly allege facts sufficient to show a "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). The Magistrate Judge, noting that "neither the Defendant insurer nor the three individuals Plaintiff identifies as Molina 'case managers' appear to be state officials," concluded that Cunningham could not make the latter showing. (Doc. 6, #66).

The Magistrate Judge did not err in finding that the Complaint failed to state a claim under § 1983, although one could perhaps quibble at the margins regarding the exact wording the R&R used to report that conclusion. In particular, the R&R could be read as equating "under color of state law" with "conduct by a state official." True, it is generally the case that § 1983 applies only against "state officials."[3] But the Sixth Circuit has identified certain instances where "[a] private actor may be considered a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Specifically, that occurs when the private actor's "conduct is fairly attributable to the state." *McCarthy v. Middle Tennessee Elec. Membership Corp.*, 466 F.3d 399, 411 (6th Cir. 2006) (quotations omitted). And "[t]he Sixth Circuit applies three tests for determining whether private action is fairly

---

[3] The Court understands the R&R's reference to "state officials" also to include local government officials who derive their powers from state law.

4

attributable to the state: the nexus test, the public function test, and the state compulsion test." *Wittstock*, 330 F.3d at 902.

The real problem, then, is that Cunningham fails to explain how Defendants are state actors under any of these tests. Giving her Complaint the most generous reading possible, Cunningham could perhaps be understood as arguing that Molina's contracting with Ohio Medicaid resulted in Molina becoming pervasively entwined with that state program. And to her credit, if the two are pervasively entwined, that could render Molina's conduct state action for § 1983 purposes. *See generally Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001) (recognizing that "pervasive entwinement" between private actors and public institutions can give rise to state action). But the problem with that argument (if Cunningham is even making it) is that a contract alone does not give rise to the level of "pervasive entwinement" required to turn a private actor into a state actor. *McCarthy*, 466 F.3d at 412. And here Cunningham points to no other facts supporting such an argument.

Beyond that, the Court is likewise unsure how identity theft or fraud amount to violations of Cunningham's constitutional or civil rights. Nor can it discern how the hospital's computer information or the letters requesting Cunningham's participation in a health survey and soliciting her re-enrollment in Molina's health plan suggest identity theft or fraud in any way.

In short, the Magistrate Judge correctly determined that Cunningham failed to state a claim under § 1983.

The Court adds one further note. In addition to recommending dismissal, the R&R also observed that Cunningham has "filed four legally frivolous" lawsuits in the past several months and that dismissals with prejudice for failure to state a claim were recommended as to each. (Doc. 6, #66). So the Magistrate Judge warned Cunningham that filing another Complaint based on the same subject matter could result in a vexatious litigant finding. (*Id.* at #67). This Court agrees and extends the warning to include not only suits involving "the same subject matter," but also any future suits that are legally frivolous.[4] *See United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023) (noting courts have inherent power to impose pre-filing restrictions on pro se litigants who engage in a "pattern of repetitive, frivolous, or vexatious filings") (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)).

Accordingly, the Court **ADOPTS** the R&R (Doc. 6) and **DISMISSES** Cunningham's Complaint (Doc. 5) **WITH PREJUDICE** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby

---

[4] During this calendar year, Cunningham to date has filed seven suits, all of which have either been dismissed with prejudice, or have a pending R&R that recommends such dismissal (and are awaiting district court action). *See Cunningham v. Henry*, No. 1:24-cv-273, 2024 WL 3273840 (S.D. Ohio July 2, 2024) (dismissed with prejudice); R&R, *Cunningham v. Clark*, No. 1:24-cv-581 (S.D. Ohio Oct. 29, 2024) (recommended for dismissal with prejudice); R&R, *Cunningham v. Cass*, No. 1:24-cv-582 (S.D. Ohio Oct. 29, 2024) (recommended for dismissal with prejudice); *Cunningham v. Molina My Care Ohio*, No. 1:24-cv-584 (S.D. Ohio Oct. 15, 2024) (this case); *Cunningham v. Miller*, No. 1:24-cv-603, 2024 WL 4767040 (S.D. Ohio Nov. 13, 2024) (dismissed with prejudice); R&R, *Cunningham v. Beasley*, 1:24-cv-606 (S.D. Ohio Oct. 29, 2024) (recommended for dismissal with prejudice); R&R, *Cunningham v. Bender*, 1:24-cv-607 (S.D. Ohio Oct. 29, 2024) (recommended for dismissal with prejudice).

**DENYING** Cunningham leave to appeal in forma pauperis. But as a non-prisoner, Cunningham may nonetheless apply to proceed in forma pauperis in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-098, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024).

    **SO ORDERED.**

December 2, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**